IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINE R.,
on behalf of J.L.R.,

    Plaintiff,

v.

Civ. No. 23-1043 MV/LF

LELAND DUDEK, Acting Commissioner
of the Social Security Administration,[1]

    Defendant.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition ("PFRD"), filed September 23, 2024 (Doc. 19); (ii) Plaintiff's Objection to The Report and Recommendation, filed October 7, 2024 (Doc. 20); and (iii) Defendant's Response to Plaintiff's Objections, filed October 16, 2024 (Doc. 21). For the following reasons and after having conducted a *de novo* review, the Court **OVERRULES** Plaintiff's Objections and **AFFIRMS** the PFRD.

**I.  BACKGROUND**

J.L.R. is a 14-year-old girl whose mother, Plaintiff Kristine R., filed an application on J.L.R.'s behalf for Disability Insurance Benefits, alleging disability due to Disruptive Mood Disorder and Anxiety. Doc. 19 at 4.

To qualify for disability benefits, a child must show that the child (1) is not currently engaged in substantial gainful activity; (2) has a medically determinable impairment or

---

[1] Leland Dudek became Acting Commissioner of the Social Security Administration on February 19, 2025; thus, pursuant to Federal Rule of Civil Procedure 25(d), he is "automatically substituted as a party."

combination of impairments that is severe; and (3) the severe impairment meets, medically equals, or functionally equals a listed impairment found in Appendix 1, Subpart P, of 20 C.F.R. Pt. 404. *See* 20 C.F.R. § 416.924(a). If a child's impairment does not match a specifically enumerated impairment found in the Appendix 1 listing, the ALJ conducts a "functional equivalence" analysis by considering six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Under this analysis, the impairments found to afflict the child are considered functionally equivalent to a listed impairment if the child has either a "marked" limitation in any two of the domains, or an "extreme" limitation in any one domain. 20 C.F.R. § 416.926a(d).

The ALJ denied the claim for benefits, finding among other things that J.L.R. did not have a "marked" limitation in the functional domain of attending and completing tasks. AR 27. Plaintiff appealed to this Court, and in her motion, this is the only finding Plaintiff challenges. Doc. 10-1 at 9. Judge Fashing recommended that the Court deny the motion to remand and affirm the decision below. Doc. 19 at 11. For the following reasons, on de novo review, this Court agrees.

## II.   STANDARD OF REVIEW

To preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district court must "make a de novo determination of those portions of the [report and recommendation] . . . to which objection is made." 28 U.S.C. § 636(C); *see also* Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (holding that

a district court's "terse" order, containing only one sentence for each claim, was still "insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*"). Consequently, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (noting that "in the exercise of [its] sound judicial discretion," the district court may place "whatever reliance" it chooses to place on a magistrate judge's recommendation).

## III.  DE NOVO REVIEW

As Judge Fashing pointed out, "Plaintiff raises only one claim in her motion to remand. She claims that substantial evidence does not support the ALJ's finding that J.L.R. has less than a marked limitation in the functional domain of attending and completing tasks." Doc. 19 at 5 (citation omitted). Plaintiff does not dispute this characterization in her objections.

Plaintiff likewise does not dispute that the standard for a substantial-evidence challenge is highly deferential. As Judge Fashing observed, "under the deferential standards that govern this Court's review, Plaintiff must show that the evidence not only supports, but *compels*, a different factual finding." Doc. 19 at 6 (citing *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481, n.1 (1992)); *id.* at 2 (a decision is not based on substantial evidence only if it is "overwhelmed by other evidence in the record" or if there is a "mere scintilla" of evidence supporting it). Magistrate Judge Fashing provided a thoughtful and considered analysis of whether the evidence Plaintiff cites *compels* a different conclusion from the one the ALJ reached, concluding that it does not. Doc. 19 at 5-11.

In her objections, Plaintiff argues:

> In the present case, the only evidence cited by the ALJ to support her finding of less than a marked limitation in the domain of attending and completing tasks was that "[o]n examination, [Plaintiff] was attentive." T 27. This lone citation fails to meet the bar for substantial evidence.

3

Doc. 20.

This is simply not true. The ALJ cited a great deal of evidence besides one examination showing that J.L.R. was attentive. That is, prior to evaluating J.L.R.'s functioning in the domain of attending and completing tasks, the ALJ provided a global recitation of all the evidence. AR 23-26. This recitation outlined opinions from state agency consulting physicians that J.L.R. has "no" limitations in attending and completing tasks. AR 26. While the ALJ did not fully adopt these opinions and ultimately assigned a greater degree of limitation in this domain, these opinions are undoubtedly substantial evidence that J.L.R.'s functioning is below a "marked" limitation. The ALJ also summarized medical evidence showing that, after J.L.R.'s hospitalization in late 2020,[2] she had "significant improvement." AR 24. That is, through 2021, she was taking her medication and her behaviors and mood were under better control. AR 24-25. By November 2022, her behaviors were noted to still be under better control, she was tolerating her medications well, and she was less nervous, less moody, and less irritable. AR 25.

The state agency consultant opinions, and the observations by medical providers that J.L.R.'s behavioral issues were under control with medication, constitute substantial evidence that she does not have a marked limitation in the relevant domain of functioning. Plaintiff does not argue otherwise, and Plaintiff does not object to the ALJ's recitation of this medical evidence. Indeed, Plaintiff does not address the medical evidence in her objections at all. The implication of her argument is instead that the Court should not consider this medical evidence to be substantial evidence supporting the ALJ's decision because the ALJ did not repeat this evidence in the section of her opinion that assigned a functional limitation in attending or completing tasks.

---

[2] Plaintiff alleged disability starting December 4, 2020, Doc. 19 at 4, that is, during her hospitalization of December 2 to 8, AR 319.

4

But this is not the law. The ALJ was not required to repeat her summary of the evidence twice. *Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion."); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal."). The Court can follow that the ALJ discussed all this medical evidence because it constituted substantial evidence for the ALJ's subsequent assignment of limitations in the various domains of functioning.

Next, Plaintiff's objections turn to the opinions of two of J.L.R.'s teachers. Doc. 20 at 2. Plaintiff argues that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects." Doc. 20 at 2 (quoting *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)).

But the ALJ discussed these teachers' opinions at length. With respect to Kelly Ekstrom, J.L.R.'s sixth grade English teacher, the ALJ wrote:

> The only area [Ms. Ekstrom] found deficits in was in attending and completing tasks. She indicated the claimant had a slight problem in refocusing to tasks when necessary, carrying out single and multi-step instructions, changing from one activity to another without being disruptive, organizing her own things or school materials, and completing work accurately without careless mistakes. She indicated the claimant had an obvious problem focusing long enough to finish assigned activities or tasks and working at a reasonable pace/finishing on time. She indicated the claimant had a serious problem completing assignments and working without distracting herself or others. Ms. Ekstrom indicated the claimant was easily distracted by her peers and had a hard time focusing during class. She noted the claimant was more interested in socializing. (Exhibit 11E, pages 3-10). This opinion was based on her personal observation while teaching the claimant. This was consistent with her treatment records showing positive response with medication, her mental status examinations, and her school records. Thus, this

5

opinion was persuasive.

AR 26-27. With respect to Alexis Puente, J.L.R.'s sixth grade Math teacher, the ALJ wrote:

> [Ms. Puente] indicated the claimant would often not work when instructed to work individually, needing a lot of redirection in order to focus. She indicated the claimant had no problems interacting and relating with others, moving about and manipulating objects, or caring for herself. She knew the claimant had vision issues and wore classes, but otherwise indicated the claimant did not display "any physical or mental disabilities". She indicated the claimant displayed normal "teen" behavior of refusing to do work and laziness. Ms. Puente felt "confused why she needs this claim for disability benefits". She indicated the claimant just needed extra tutoring for math and redirection to focus and not be distracted. She indicated the claimant had a slight problem with acquiring and using information, being slightly below average in math. She indicated the claimant would not get work done due to struggling with math and being "lazy". She indicated the claimant had a slight problem understanding school and content vocabulary, comprehending and doing math problems, understanding and participating in class discussions, learning new material, recalling and applying previously learned material, and applying problem solving skills in class discussions. In attending and completing tasks, she indicated the claimant had a slight problem carrying out multi-step instructions and completing work accurately without careless mistakes. She indicated the claimant had an obvious problem focusing long enough to finish tasks, refocusing to tasks when necessary, organizing her own things, working without distracting herself or others, and working at a reasonable pace/finishing on time. She indicated the claimant had an obvious to serious problem completing assignments. She indicated the claimant often needed redirection in class, either due to not working or talking with others. She indicated the claimant would hardly turn in homework and in-class assignments were often incomplete. (Exhibit 11E, pages 11-18). This opinion was based on her personal observation while teaching the claimant. This opinion was consistent with her behavior issues observed in school records and was persuasive.

AR 27.

Once again, Plaintiff implies that this recitation was not enough. She argues that the ALJ's decision "simply fails to show" how the ALJ simultaneously found these opinions persuasive and yet assigned less than marked limitation in attending and completing tasks. Doc. 20 at 2.

There is no mystery here. The opinions of J.L.R.'s teachers do not support assigning marked limitations. As Judge Fashing explained, the teachers largely found that J.L.R. did *not* have "serious" problems in this domain of functioning. Doc. 19 at 7-8. That is, the teachers were presented with checkboxes asking for ratings in thirteen areas related to attending and completing

6

tasks. Ms. Ekstrom found "serious" problems in completing class and homework assignments and in working without distracting oneself or other students. AR 233. The remaining eleven ratings were less than serious. Assigning these two areas as serious problems is consistent with Ms. Ekstrom's written observation that J.L.R. was more interested in socializing than focusing during class. AR 233.

Ms. Puente found "serious" problems in only one area: completing class and homework assignments. AR 241. The remaining twelve ratings were less than serious. She wrote that J.L.R. would sit in class not working or talking with others and would not turn in assignments. AR 241. She said that she saw nothing wrong with J.L.R.'s mental functioning, and that instead, "[J.L.R.] displayed normal 'teen' behavior of refusing to do work and laziness." AR 245. It "seemed like she just needed extra tutoring for her math skills and often redirection to focus and not be distracted." AR 246.[3]

In other words, the ALJ did not ignore these opinions and did not "cherry pick" from them. The opinions simply do not support the limitations for which Plaintiff advocates. For example, both teachers found "no problem" or only "slight problems" in J.L.R.'s ability to pay attention when spoken to directly, carrying out single-step and multi-step instructions, and completing work accurately without careless mistakes. AR 233, 241. These observations are consistent with less than "marked" limitations in attending and concentrating. The Court is therefore able to follow the ALJ's discussion of the teachers' opinions and the fact that the ALJ found them persuasive when assigning less than "marked" limitations. And as discussed above, the opinions are substantial

---

[3] Plaintiff cited SSR 09-4p to argue that a functional limitation is characterized by "needing extra supervision to stay on task, and not being able to complete school assignments." Doc. 10-1 at 10. But Ms. Puente did not say that J.L.R. was not "able" to complete assignments. She opined that J.L.R. did not *want* to complete assignments. AR 245-46.

7

evidence that support the decision even if the ALJ did not repeat her discussion of them when assigning limitations in the relevant domain of functioning.

Finally, Plaintiff argues that Judge Fashing's finding that these opinions do not support a marked limitation was "not made by the ALJ in the decision" and is therefore a "post hoc rationalization." Doc. 20 at 2. The Court disagrees. The reasoning is present in the decision below. That is, the ALJ outlined the categories in which the teachers found less than serious problems and also discussed the teachers' remarks about J.L.R. wanting to socialize instead of work and the normal teen behavior of refusing to do work and laziness. AR 26-27. The ALJ explicitly found all of this to be persuasive. *Id.* It is not a post hoc rationalization to follow the ALJ's reasoning in proceeding to consider all this evidence when assigning limitations in the domains of functioning.

Plaintiff does not raise any other arguments in her one-and-a-half page objections. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (to preserve an issue for review, objections must be "specific"). The Court therefore overrules Plaintiff's objections and adopts the Magistrate Judge's recommendation in the PFRD.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) Plaintiff's Objections (Doc. 20) are OVERRULED;

(2) The Magistrate Judge's PFRD (Doc. 19) is AFFIRMED;

(3) The Commissioner's decision is AFFIRMED;

(4) Plaintiff's Motion to Reverse and Remand to Agency (Doc. 10) is DENIED; and

(5) This matter is DISMISSED, with a separate judgment to follow.

HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE